Jason M. Kerr
Nevada State Bar No. 7773
Email:  jasonkerr@ppktrial.com
PRICE, PARKINSON & KERR
5742 W. Harold Gatty Drive
Salt Lake City, Utah 84116
Tel: 801-517-7088
Fax: 801-530-2932

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EIGHT IP, LLC, a Delaware limited liability company; | |
| Plaintiff, | **COMPLAINT** |
| v. | Case No. |
| ELEMENT NUTRITION, INC, an Ontario Canada corporation, CANACCORD GENUITY CORP., an Ontario Canada corporation, and STUART LOWTHER, an individual; | Judge: |
| Defendants. | |

Plaintiff EIGHT IP, LLC ("Eight IP" or "Plaintiff") for its Complaint against Defendants

ELEMENT NUTRITION, INC. (hereinafter "Element"), CANACCORD GENUITY CORP.

(hereinafter "Canaccord"), and STUART LOWTHER (hereinafter "Lowther") (collectively

"Defendants"), alleges and avers as follows:

### INTRODUCTION

This is a dispute regarding Defendants' infringement of patent rights exclusively licensed

to Plaintiff.  Eight IP is the exclusive licensee with rights to sublicense of a patented

methodology for amino acid supplementation, as set forth in US Patent No. 9,364,463 (the "463

Patent").  The technology embodied in the 463 Patent is the use of specific amino acid supplementation for improved muscle recovery.  As the exclusive licensee to the 463 Patent, Eight IP may issue sublicenses to the 463 Patent.

Eight IP entered into a sublicense agreement with Element effective October 27, 2020, allowing Element to exclusively develop and market products in the adult nutrition channel of trade, utilizing the technology embodied in the 463 Patent.  Eight IP entered into another sublicense agreement with Element effective December 14, 2021, allowing Element to exclusively develop and market products in the sports channel of trade (the two sublicense agreements referred herein collectively as the "Agreements").  Pursuant to the Agreements, Element was to pay certain royalties to Eight IP, including minimum royalties in order to maintain the sublicenses.

Element developed, marketed, and sold products pursuant to the licenses under the Agreements.  However, Element did not pay the royalties due to Eight IP under the Agreements.  Since the first quarter of 2022, Element has not paid any royalties to Eight IP.  Due to Element's failure to pay royalties under the Agreements, Eight IP terminated the Agreements in May 2023 via written notice to Element and its CEO, Lowther.  Under the Agreements, Element must immediately cease selling the products, but Element continues to actively sell and market the products based on the 463 Patent.  Element's CEO, Lowther, has regularly promised that the royalties will be paid but instead, he directs that whatever funding Element has, via product sales or investments, is paid out in salaries and professional fees where he personally benefits.

In addition to continuing to sell the products after Eight IP's termination, Element has raised significant funding falsely claiming that the licenses are still in effect.  In July 2023, Element completed a two-phase funding campaign of nearly $2 million despite being in default

of its royalty obligations to Eight IP and not having any rights to sell the only product lines it offers. In order to raise this money, Element sought the assistance of Canaccord.  In assisting Element, Canaccord did not inquire with Eight IP to determine whether the licenses under the Agreements are valid, whether Element has paid royalties to Eight IP, or whether Element has any rights to sell its products.  In raising funding for Element, Canaccord received payment for its services to Element.

As the exclusive licensee of the 463 Patent, Eight IP has the right to prosecute infringement claims.  As the licensor under the Agreements, Eight IP has the right to pursue unpaid royalties due under the Agreements.  Accordingly, Eight IP brings causes of action for Breach of Contract, Patent Infringement, and Intentional Interference with Economic Relationships.  Eight IP also sues Canaccord for Contributory Patent Infringement.

## PARTIES

Plaintiff Eight IP, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Delaware. Defendant Element Nutrition, Inc. is, upon information and belief, a corporation organized and existing under the laws of Ontario, Canada, with its principal place of business located in Burlington, Ontario, Canada.  Defendant Stuart Lowther is, upon information and belief, an individual residing in Burlington, Ontario, Canada.  Lowther is the founder, president, and chief executive officer of Element.  Defendant Canaccord Genuity Corp. is, on information and belief, a corporation organized and existing under the laws of Ontario, Canada.  Canaccord's principal place of business is in Ontario, Canada.  Canaccord maintains multiple offices in the United States of America.

Complaint

3

**JURISDICTION AND VENUE**

1.      This action arises under the United States patent laws, 35 U.S.C. § 1, et seq.

2.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Element because it consented to the jurisdiction of this Court when it entered into the Agreements with Eight IP.

4.      This Court has personal jurisdiction over Lowther as the founder, president, and chief executive officer of Element who signed the Agreements.  Lowther's patent infringement has occurred in this District.

5.      This Court has personal jurisdiction over Canaccord because its contributory infringement of the 463 Patent has occurred in this District.  Moreover, Cannacord, with any amount of due diligence would have read the Agreements and understood that it is subject to the jurisdiction of this Court.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Element consented to personal jurisdiction of this Court and there is no other district where Eight IP could have brought this action.

7.      Venue is also proper in this District pursuant to 28 U.S.C. § 1400 because infringement of the 463 Patent has occurred in this District.

**FACTUAL ALLEGATIONS**

**THE PATENT SUBLICENSES**

8.      Eight IP is the exclusive licensee of the 463 Patent.

9.      The technology embodied in the 463 Patent is the use of specific amino acid supplementation for improved muscle recovery.

10.     As the exclusive licensee of the 463 Patent, Eight IP has the right to issue sublicenses in different channels of trade and geographical areas.

11.     Effective October 27, 2020, Eight IP and Element entered into a sublicense agreement utilizing the technology embodied in the 463 Patent.  A true and accurate copy of the October 27, 2020 Sublicense Agreement is attached hereto as Exhibit 1.

12.     Under the October 27, 2020 Sublicense Agreement, Element had the exclusive right to develop and market products in the adult nutrition channel of trade worldwide, except in the following countries:  Malaysia, Singapore, Thailand, Brunei, Philippines, Cambodia, Vietnam, Indonesia, Myanmar, Laos, Thailand, and Hong Kong, where it could market products on a non-exclusive agreement.  Moreover, under the terms of the October 27, 2020 Sublicense Agreement, Element could only market products in the Peoples Republic of China with the express written preapproval of Eight IP.

13.     The October 27, 2020 Sublicense Agreement requires Element to make minimum purchases and quarterly royalty payments to Eight IP.  If Element failed to make timely royalty payments, Eight IP could terminate the October 27, 2020 Sublicense Agreement.

14.     Effective December 14, 2021, Eight IP and Element entered into another sublicense agreement utilizing the technology embodied in the 463 Patent.  A true and accurate copy of the December 14, 2021 Sublicense Agreement is attached hereto as Exhibit 2.

15.     Under the December 14, 2021 Sublicense Agreement, Element had the exclusive right to develop and market products in the sports nutrition channel of trade in the United States and Canada, and on a non-exclusive basis worldwide.

16.     The December 14, 2021 Sublicense Agreement requires Element to make minimum purchases and quarterly royalty payments to Eight IP.  If Element failed to make

Complaint

5

timely royalty payments, Eight IP could terminate the December 14, 2021 Sublicense Agreement.

17.     Both the December 27, 2020 sublicense and the December 14, 2021 sublicense were amended but not in an way material to this lawsuit.

**REJUVENATE AND PROMINO PRODUCTS**

18.     Pursuant to the Agreements, Element developed and has marketed products using the technology embodied in the 463 Patent.

19.     For the adult nutrition channel of trade, Element developed, has marketed, and has sold a product line called Rejuvenate.  Element advertises that Rejuvenate is clinically proven to support muscle recovery.  Rejuventate contains the amino acid blend identified in the 463 Patent.

20.     For the sports nutrition channel of trade, Element developed, has marketed, and has sold a product called Promino under Element's JaktRX brand.  Element advertises that Promino is a patented muscle activator which builds muscle, increases strength, improves performance, and speeds recovery.  Promino contains the amino acid blend identified in the 463 Patent.

21.     Element identifies the 463 Patent on the websites where it markets and sells the Rejuvenate and Promino products.

22.     Element identifies the 463 Patent on the packaging of the Rejuvenate and Promino products.

23.     On its website, www.elmtinc.com, Element promotes its Rejuvenate and JaktRX brands and identifies retailers where its products can be purchased, including without limitation, Amazon, Food Lion, Rexall, CVS, and Walgreens.

Complaint

6

24.     The Rejuventate products are available for purchase at CVS stores throughout the United States, including CVS stores in Nevada.

**TERMINATION OF AGREEMENTS**

25.     After the first quarter of 2022, Element did not make any royalty payments under the Agreements to Eight IP.

26.     The outstanding royalty payments due to Eight IP exceed $670.000.00.

27.     Due to Element's failure to pay minimum royalty payments under the Agreements for more than a year, Eight IP terminated the Agreements and any sublicenses by delivering written notice to Element in May 2023.  A true and accurate copy of the written termination notice is attached hereto as Exhibit 3.

28.     Eight IP's termination notice was delivered to Element via international priority mail on May 26, 2023.  A true and accurate copy of United States Postal Service Tracking History No. CH188099376US is attached hereto as Exhibit 4.

29.     Element has received Eight IP's termination and is aware that Eight IP has terminated any rights Element has to develop, market, or sell products based on the 463 Patent.

30.     Lowther has received Eight IP's termination and is aware that Eight IP has terminated any rights Element has to develop, market, or sell products based on the 463 Patent.

31.     Due to Eight IP's termination of the Agreements and the associated sublicenses, Element may no longer rightfully market and sell the Rejuvenate and Promino products.

32.     Despite having received Eight IP's termination, Element's board of directors approved publicly available consolidated financial statements on August 27, 2023 for the period ending June 30, 2023.  These financial statements mention that Element is required to make minimum purchases and make quarterly royalty payments under the Agreements.  However,

nowhere in the consolidated financial statements does Element mention that it was in default of these obligations and Eight IP terminated the Agreements and the associated sublicenses.

33.     Element's same financial statements show it has spent millions in salaries and professional fees since 2022, while not making any royalty payments under the Agreements.

## INFRINGEMENT OF THE 463 PATENT

34.     Despite Eight IP's termination of the Agreements and the associated sublicenses, Element continues to market and sell the Rejuvenate and Promino products.

35.     Element's continued marketing and sales of the Rejuvenate and Promino products, without any right to do so since at least May 26, 2023 when it received Eight IP's written termination, constitute infringement of the 463 Patent.

36.     Element continues to market the Rejuvenate and Promino products identifying the 463 Patent on the product packaging and on websites operated by Element.

37.     Despite receiving Eight IP's termination notice, Lowther has not caused Element to cease its marketing and sale of the infringing products.

38.     Element recently completed a two-phase funding event where it raised nearly $2,000,000 to support its operation.  Despite not paying royalties owed under the Agreements and Eight IP's termination, Element continued to raise funding.  To support the fundraising efforts, Element publicly represented that its products, specifically Rejuventate and Promino, are proprietary patented products to support muscle recovery.  The second phase of the fundraise ended in July 2023, after Eight IP's termination of the Agreements and sublicenses, with Element raising $780,000.00 from private investors.  A true and accurate copy of Element's press release announcing completion of the funding event is attached hereto as Exhibit 5.

39.     On information and belief, Lowther approved Element's fundraising event with the knowledge that Element was in default of its royalty obligations to Eight IP.

40.     On information and belief, Lowther approved Element's completion of the second phase of the fundraise event after he knew Eight IP had terminated the Agreements and sublicenses to the 463 Patent.

41.     On information and belief, Lowther approved the July 14, 2023 press release where Element announced completion of the funding event and continued to publicly represent it could rightfully sell the Rejuvenate and Promino products.  Lowther's name and contact information is identified in the July 14, 2023 press release.  *See* Exhibit 5.

42.     On information and belief, Element engaged Canaccord to help it raise funding for Element's operations.

43.     On information and belief, Canaccord received compensation for helping Element raise funding.

44.     On information and belief, Canaccord was previously aware that Element had sublicenses from Eight IP to develop and market the Rejuvenate and Promino products based on the 463 Patent.  Throughout its engagement in helping Element raise funding, Canaccord did not conduct due diligence to confirm whether Element was current on royalty payments to Eight IP or whether sublicenses for the 463 Patent had been terminated.

45.     Element's continued marketing and sales of the Rejuvenate and Promino products is interfering with Eight IP's ability to effectively market and issue new sublicenses as the exclusive licensee of the 463 Patent.

Complaint

9

46.     Element's public funding campaign, with Canaccord's assistance, is interfering with Eight IP's ability to effectively market and issue new sublicenses as the exclusive licensee of the 463 Patent.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### INFRINGEMENT OF PATENT RIGHTS

47.     Eight IP reasserts the allegations of the preceding paragraphs, as if set forth in full herein.

48.     Eight IP is the exclusive licensee to the 463 Patent.  As the exclusive licensee of the 463 Patent, Eight IP has the right to issue sublicenses to the 463 Patent.

49.     Pursuant to the agreements, Eight IP issued sublicenses to Element in the adult nutrition and sports nutrition channels of trade.

50.     Element, however, failed to pay the required royalties to Eight IP under the Agreements.

51.     Eight IP rightfully terminated the Agreements and any sublicenses to the 463 Patent no later than May 26, 2023 when Eight IP's written notice of termination was delivered to Element.

52.     Effective no later than May 26, 2023, Element no longer has any right to develop, market, or sell any products based on the 463 Patent.

53.     Element's continued marketing and sale of the Rejuvenate and Promino products after May 26, 2023 constitute infringement of Eight IP's rights as the exclusive licensee of the 463 Patent.   These products, marketed as muscle recovery products, contain the amino acid blend identified in the 463 Patent and specifically reference the 463 Patent on their packaging.

Complaint

54.     As a result of Element's infringement on Eight IP's exclusive rights to the 463 Patent, Element has violated 35 U.S.C. § 284.  Eight IP has been and continues to be injured. Eight IP's injuries include, but are not limited to, lost revenue and profits, a diminishing of Eight IP's goodwill and reputation, lost sales, and damage to Eight IP's existing and potential business relations.  Eight IP is entitled to a full recovery of patent infringement damages against Element, including special, indirect, incidental, and consequential damages.

55.     As a result of Element's infringement on the Patent, Eight IP has been damaged and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

56.     Eight IP is entitled to its attorney fees and costs as a result of Element's infringement on Plaintiff's rights to the 463 Patent because this is an exceptional case under 35 U.S.C. § 285.

57.     Eight IP is entitled to injunctive relief based on Element's infringement of the 463 Patent.

**SECOND CAUSE OF ACTION**
**INFRINGEMENT OF PATENT RIGHTS (INDUCEMENT)**

58.     Eight IP reasserts the allegations of the preceding paragraphs, as if set forth in full herein.

59.     Eight IP is the exclusive licensee to the 463 Patent.  As the exclusive licensee of the 463 Patent, Eight IP has the right to issue sublicenses to the 463 Patent.

60.     Pursuant to the agreements, Eight IP issued sublicenses to Element in the adult nutrition and sports nutrition channels of trade.

61.     Element, however, failed to pay the required royalties to Eight IP under the Agreements.

Complaint

62.     Eight IP rightfully terminated the Agreements and any sublicenses to the 463 Patent no later than May 26, 2023 when Eight IP's written notice of termination was delivered to Element.

63.     Effective no later than May 26, 2023, Element no longer has any right to develop, market, or sell any products based on the 463 Patent.

64.     Lowther is aware that Eight IP rightfully terminated the Agreements and any sublicenses to the 463 Patent no later than May 26, 2023.

65.     Element's continued marketing and sale of the Rejuvenate and Promino products after May 26, 2023 constitute infringement of Eight IP's rights as the exclusive licensee of the 463 Patent.   These products, marketed as muscle recovery products, contain the amino acid blend identified in the 463 Patent and reference the 463 Patent on their packaging.

66.     Lowther, Element's founder and CEO, has not caused Element to cease marketing and selling the Rejuventate and Promino products.

67.     Lowever, Element's founder and CEO, has actively induced Element to continue marketing and selling the infringing products, furthering the infringement of Eight IP's exclusive rights to the 463 Patent.

68.     As a result of Lowther inducing Element to infringe Eight IP's exclusive rights to the 463 Patent, Lowther has violated 35 U.S.C. § 284(b).   Eight IP has been and continues to be injured.   Eight IP's injuries include, but are not limited to, lost revenue and profits, a diminishing of Eight IP's goodwill and reputation, lost sales, and damage to Eight IP's existing and potential business relations.   Eight IP is entitled to a full recovery of patent infringement damages against Lowther, including special, indirect, incidental, and consequential damages.

69.     As a result of Lowther's infringement on the Patent, Eight IP has been damaged and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

70.     Eight IP is entitled to its attorney fees and costs as a result of Lowther's infringement on Plaintiff's rights to the 463 Patent because this is an exceptional case under 35 U.S.C. § 285.

71.     Eight IP is entitled to injunctive relief based on Lowther's infringement of the 463 Patent

### THIRD CAUSE OF ACTION
### INFRINGEMENT OF PATENT RIGHTS (CONTRIBUTORY)

72.     Eight IP reasserts the allegations of the preceding paragraphs, as if set forth in full herein.

73.     Eight IP is the exclusive licensee to the 463 Patent.  As the exclusive licensee of the 463 Patent, Eight IP has the right to issue sublicenses to the 463 Patent.

74.     Pursuant to the agreements, Eight IP issued sublicenses to Element in the adult nutrition and sports nutrition channels of trade.

75.     Element, however, failed to pay the required royalties to Eight IP under the Agreements.

76.     Eight IP rightfully terminated the Agreements and any sublicenses to the 463 Patent no later than May 26, 2023 when Eight IP's written notice of termination was delivered to Element.

77.     Effective no later than May 26, 2023, Element no longer has any right to develop, market, or sell any products based on the 463 Patent.

Complaint

78.     On information and belief, Element engaged Canaccord to help it raise funding for Element's operations.

79.     On information and belief, Canaccord received compensation for helping Element raise funding.

80.     On information and belief, Canaccord was previously aware that Element had sublicenses from Eight IP to develop and market the Rejuvenate and Promino products based on the 463 Patent.

81.     Throughout its engagement in helping Element raise funding, Canaccord did not conduct due diligence to confirm whether Element was current on royalty payments to Eight IP or whether sublicenses for the 463 Patent had been terminated.

82.     On information and belief, Canaccord knew, or should have known, that Eight IP had terminated the Agreements with Element and any sublicenses to the 463 Patent, and its assistance in raising funding for Element would lead to continued infringement of the 463 Patent.

83.     Element's continued marketing and sale of the Rejuvenate and Promino products after May 26, 2023 constitute infringement of Eight IP's rights as the exclusive licensee of the 463 Patent.   These products, marketed as muscle recovery products, contain the amino acid blend identified in the 463 Patent and reference the 463 Patent on their packaging.

84.     Element's July 14, 2023 press release, announcing completion of the second phase of funding and continued infringing product sales, constitutes infringement of the 463 Patent.

85.     Canaccord's assistance in raising funding for Element, with knowledge of Eight IP's patent rights, constitutes contributory infringement of the 463 Patent.

Complaint

14

86.     As a result of Canaccord's contributory infringement of Eight IP's exclusive rights to the 463 Patent, Canaccord has violated 35 U.S.C. § 284(c).  Eight IP has been and continues to be injured.  Eight IP's injuries include, but are not limited to, lost revenue and profits, a diminishing of Eight IP's goodwill and reputation, lost sales, and damage to Eight IP's existing and potential business relations.  Eight IP is entitled to a full recovery of patent infringement damages against Canaccord, including special, indirect, incidental, and consequential damages.

87.     As a result of Canaccord's contributory infringement on the Patent, Eight IP has been damaged and is entitled to be compensated for such damages, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

88.     Eight IP is entitled to its attorney fees and costs as a result of Canaccord's infringement on Eight IP's rights to the 463 Patent because this is an exceptional case under 35 U.S.C. § 285.

89.     Eight IP is entitled to injunctive relief based on Canaccord's contributory infringement of the 463 Patent.

## FOURTH CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

90.     Eight IP reasserts the allegations of the preceding Paragraphs as if set forth herein.

91.     Element, Canaccord, and Lowther have knowledge that Eight IP terminated the Agreements and any sublicenses to the 463 Patent no later than May 26, 2023.

92.     Element, Canaccord, and Lowther have acted intentionally in a manner designed to interfere with Eight IP's ability to market the 463 Patent and issue sublicenses.  Element and Lowther have continued to market and sell the infringing products, which adversely affects Eight

IP's ability issue exclusive sublicenses due to competing, infringing products on the market utilizing the same technology embodied in the 463 Patent.

93.     Element, Canaccord, and Lowther, in the July 14, 2023 press release, approved and made public statements that Element is selling the Rejuvenate and Promino product based on the patented formulation.  These statements have adversely affected Eight IP's ability to market and issue sublicences to the 463 Patent.

94.     Due to Element's, Canaccord's and Lowther's actions, Eight IP has been damaged.  Eight IP's damages include, but are not limited to, loss of exclusivity to the 463 Patent, lost sales, lost profits, and loss of goodwill.

95.     As a result of Element's, Canaccord's and Lowther's intentional interference with Eight IP's economic relationships, Eight IP has been harmed in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**BREACH OF CONTRACT**

96.     Eight IP reasserts the allegations of the preceding paragraphs, as if set forth in full herein.

97.     Eight IP and Element entered into valid, binding contracts when they entered into the Agreements.

98.     The Agreements require Element to pay minimum royalties in exchange for sublicenses to the 463 Patent.

99.     Eight IP has performed all of its obligations under the Agreements.

100.     Element has not paid any royalties under the Agreements since the first quarter of 2022.  Element's failure to pay any royalties since the first quarter of 2022 constitutes breaches of the Agreements.

Complaint

16

101.    The royalties due and owing to Eight IP under the Agreements total at least $670,000.00.

102.    Eight IP has been damaged in the amount of at least $670,000.00 due to Element's failure to pay the royalties under the Agreements.

WHEREFORE, Eight IP requests the following relief from the Court:

1.      A judgment that Defendant Element Nutrition, Inc. has infringed the 463 Patent in violation of 35 U.S.C. § 271.

2.      A judgment that Defendant Stuart Lowther has induced infringement the 463 Patent in violation of 35 U.S.C. § 271.

3.      A judgment that Defendant Canaccord Genuity Corp. has contributorily infringed the 463 Patent in violation of 35 U.S.C. § 271.

4.      A judgment and order requiring Defendants to pay damages resulting from Defendants' infringement on Eight IP's rights to the 463 Patent including, but not limited to, lost revenue and profits, the diminishment of Eight IP's goodwill and reputation, lost sales, and damage to Eight IP's existing and potential business relations.

5.      A judgment and order requiring Defendants to pay treble damages to Eight IP to compensate for Defendants' willful and deliberate infringing acts in accordance with 35 U.S.C. § 284.

6.      A judgment and order that this is an exceptional case requiring Defendants to pay Eight IP's costs and attorney fees in bringing this action under 35 U.S.C. § 285.

7.      Preliminary and permanent injunctive relief related to Defendants' infringement of the 463 Patent.

Complaint

17

8.    A judgment that Defendants Element Nutrition, Inc., Canaccord Genuity Corp., and Stuart Lowther intentionally interfered with Eight IP's economic relationships.

9.    An order requiring Defendants Element Nutrition, Cannacord, and Stuart Lowther to pay all damages as a result of their intentional interference with economic relationships of Eight IP in an amount to be proven at trial.

10.    A judgment that Defendant Element Nutrition, Inc. breached the Agreements with Eight IP by failing to pay royalties due and owing to Eight IP under the Agreements.

11.    Judgment in the amount in an amount to be proven at trial, at least $670,000.00, for Defendant Element Nutrition, Inc.'s failure to pay royalties under the Agreements.

12.    For pre-judgment and post judgment interest as allowed by law.

13.    For such other and further relief as the Court deems necessary.

DATED this 6th day of September, 2023.

**PRICE PARKINSON & KERR, PLLC**

By: /s/ Jason M. Kerr
JASON M. KERR
Nevada Bar No. 07773
*Attorneys for Plaintiff*

Complaint

18